**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

KEN CUCCINELLI FOR GOVERNOR,    )
INC., *et al.*,    )
   )
      Plaintiffs,    )
   )
v.    )   CIVIL ACTION NO. 1:14-CV-1215-LO-TCB
   )
CONSERVATIVE STRIKEFORCE PAC,    )   JURY DEMANDED
*et al.*,    )
   )
      Defendants.    )

## ANSWER

COME NOW Defendants by and through their attorneys and for their answer to the Complaint state as follows:

### FIRST DEFENSE

This Court lacks personal jurisdiction over Defendants Mackenzie & Company and Chip O'Neil.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

1.      Defendants deny the allegations contained in Paragraph 1.  In mid-July 2013, Defendant Conservative StrikeForce PAC ("StrikeForce") was asked for a campaign donation of $10,000 by an agent for Plaintiff Ken Cuccinelli for Governor, Inc. (the "Campaign").  Though the election was fewer than four months away, a very short timeframe in the field of political fundraising, Defendant Rogers determined that StrikeForce could donate $10,000 to the Campaign and continue working to raise the net monies, those funds remaining after fundraising

expenses were paid, needed to cover the donation and to pay for additional campaign services to support Plaintiff Kenneth Cuccinelli, II ("Cuccinelli") in his race.  StrikeForce sought donations from its own donors to support the Campaign by covering the $10,000 paid to the Campaign to support Cuccinelli, and for any other independent expenditures it could fund using any additional net monies.  StrikeForce raised enough net monies to cover the $10,000 donation but was unable to raise sufficient net monies for other independent expenditures.

2.      Defendants deny the allegations contained in Paragraph 2.

### The Parties

3.      Defendants state that they are without sufficient knowledge to admit or deny the factual allegations in Paragraph 3.

4.      Defendants admit that Cuccinelli ran for Governor of Virginia but state that they are without sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 4.

5.      Defendants deny that StrikeForce is "operated and controlled" by Defendants Dennis Whitfield, Scott Mackenzie or Chip O'Neil.  Defendants admit all other allegations in Paragraph 5.

6.      Defendants admit the allegations in Paragraph 6.

7.      Defendants admit the allegations in Paragraph 7.

8.      Defendants admit the allegations in Paragraph 8.

9.      Defendants admit the allegations in Paragraph 9.

10.     Defendants admit the allegations in Paragraph 10.

11.     Defendants admit the allegations in Paragraph 11.

12.     Defendants admit the allegations in Paragraph 12.

**Jurisdiction and Venue**

13.     Defendants state that Paragraph 13 contains legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 13.

14.     Defendants state that Paragraph 14 contains legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants deny the allegations in Paragraph 14.

**Factual Allegations**

15.     Defendants state that the "Solicitation E-mails" speak for themselves.  To the extent that the allegations in Paragraph 15 are in conflict with the "Solicitation E-mail," those allegations are denied.  Defendants deny all other allegations in Paragraph 15.

16.     Defendants state that the "7/30 email" speaks for itself.  To the extent that the allegations in Paragraph 16 are in conflict with that e-mail, those allegations are denied. Defendants admit that they sent the 7/30 email to a distribution list belonging to Defendant StrikeForce.

17.     Defendants deny the allegations in Paragraph 17.

18.     Defendants state that the "9/17 email" speaks for itself.  To the extent that the allegations in Paragraph 18 are in conflict with that e-mail, those allegations are denied. Defendants admit that they sent the 9/17 email to a distribution list belonging to Defendant StrikeForce.

19.     Defendants deny the allegations in Paragraph 19.

20.     Defendants state that the "9/30 email" speaks for itself.  To the extent that the allegations in Paragraph 20 are in conflict with that e-mail, those allegations are denied.

3

Defendants admit that they sent the 9/30 email to a distribution list belonging to Defendant StrikeForce.

21.     Defendants deny the allegations in Paragraph 21.

22.     Defendants state that the "10/8 email" speaks for itself.  To the extent that the allegations in Paragraph 22 are in conflict with that e-mail, those allegations are denied. Defendants admit that they sent the 10/8 email to a distribution list belonging to Defendant StrikeForce.

23.     Defendants deny the allegations in Paragraph 23.

24.     Defendants deny the allegations in Paragraph 24.

25.     Defendants state that the "10/21 email" speaks for itself.  To the extent that the allegations in Paragraph 25 are in conflict with that e-mail, those allegations are denied. Defendants admit that they sent the 10/21 email to a distribution list belonging to Defendant StrikeForce.

26.     Defendants deny the allegations in Paragraph 26.

27.     Defendants deny the allegations in Paragraph 27.

28.     Defendants state that the "10/29 email" speaks for itself.  To the extent that the allegations in Paragraph 28 are in conflict with that e-mail, those allegations are denied. Defendants admit that they sent the 10/29 email to a distribution list belonging to Defendant StrikeForce.

29.     Defendants deny the allegations in Paragraph 29.

30.     Defendants deny the allegations in Paragraph 30.

31.     Defendants deny the allegations in Paragraph 31.

32.     Defendants deny the allegations in Paragraph 32.

33.     Defendants state that the "11/4 email" speaks for itself.  To the extent that the allegations in Paragraph 33 are in conflict with that e-mail, those allegations are denied. Defendants admit that they sent the 11/4 email to a distribution list belonging to Defendant StrikeForce.

34.     Defendants deny the allegations in Paragraph 34.

35.     Defendants state that the "11/6 email" speaks for itself.  To the extent that the allegations in Paragraph 35 are in conflict with that e-mail, those allegations are denied. Defendants admit that they sent the 11/6 email to a distribution list belonging to Defendant StrikeForce.

36.     Defendants deny all allegations in Paragraph 36 and incorporate by reference Paragraph 1 of this Answer as if fully set forth herein.

37.     Defendants state that the "Solicitation Emails" speak for themselves.  To the extent that the allegations in Paragraph 37 are in conflict with the "Solicitation Emails," those allegations are denied.  All other allegations in Paragraph 37 are denied.

38.     Defendants state that the "Solicitation Emails" speak for themselves.  To the extent that the allegations in Paragraph 38 are in conflict with the "Solicitation Emails," those allegations are denied.  Defendants deny all other allegations in Paragraph 38.

39.     Defendants admit that the "Solicitation Emails" were drafted under the supervision of Defendant Rogers.  Defendants deny all other allegations in Paragraph 39.

40.     Defendants Rogers and StrikeForce admit that they approved, participated in, and directed the sending of the Solicitation Emails.  Defendants Strategic Campaign Group, Inc., Mackenzie & Company, Dennis Whitfield, Scott Mackenzie, and Chip O'Neil admit that they

sometimes "participated in . . . the sending of the Solicitation Emails."  Defendants deny all other allegations in Paragraph 40.

41.     Defendants admit all allegations in Paragraph 41.

42.     Defendants deny any allegation in Paragraph 42 that they promised donors that anything other than net monies raised would be put toward helping the Campaign.  Defendants admit all other allegations in Paragraph 42.

43.     Defendants admit the allegations in Paragraph 43.

44.     Defendants admit the allegations in Paragraph 44.

45.     Defendants deny the allegation in Paragraph 45 that they were raising funds for the Campaign without Cuccinelli's knowledge.  The Campaign, through its agent, requested help from StrikeForce.  Defendants responded to the Campaign's belated request for help by working to raise net monies in favor of Cuccinelli.  As a political action committee ("PAC") independent from the Campaign, StrikeForce would not seek consent from Cuccinelli for, or otherwise coordinate with the Campaign, the methods of raising funds.  The PAC raises money in the name of the PAC for the programs it chooses to implement or the candidates the PAC supports. The Campaign received, deposited and presumably used the net monies the PAC raised for its benefit, sent a thank you note for the contribution, and never asked StrikeForce to stop its efforts on the Campaign's behalf.

46.     Defendants admit the allegation in the first sentence of Paragraph 46.  Defendants used all net monies raised for Cuccinelli to cover the $10,000 contribution and to raise more net monies for the GOTV effort.  Defendants deny the allegation in the second sentence of Paragraph 46.

47.     Defendants admit the allegations in Paragraph 47.

48.     Defendants admit that the Contribution Websites were controlled and operated by

Defendants Rogers and StrikeForce.  Defendants deny all other allegations in Paragraph 48.

49.     Defendants deny the allegations in Paragraph 49.

50.     Defendants admit the allegations in Paragraph 50.

51.     Defendants admit the allegations in Paragraph 51.

52.     Defendants deny the allegations in Paragraph 52.

53.     Defendants admit the allegations in Paragraph 53.

54.     Defendants state that the contribution websites speak for themselves.  To the extent

that the allegations in Paragraph 54 are in conflict with those websites, those allegations are

denied.  Defendants state that donors knew that their contributions went to StrikeForce, not the

Campaign.  Defendants deny all other allegations in Paragraph 54.

55.     Defendants deny the allegations in Paragraph 55.

56.     Defendants admit the allegations in Paragraph 56.

57.     Defendants state that the contribution websites speak for themselves.  To the extent

that the allegations in Paragraph 57 are in conflict with those websites, those allegations are

denied.  Defendants deny all other allegations in Paragraph 57.

58.     Defendants deny the allegations in Paragraph 58.

59.     Defendants deny the allegations in Paragraph 59.

60.     Defendants deny the allegations in Paragraph 60.

61.     Defendants state that the July 31, 2013 FEC report speaks for itself.  To the extent

that the allegations in Paragraph 61 are in conflict with that report, those allegations are denied.

62.     Defendants state that the July 31, 2013 FEC report speaks for itself.  To the extent

that the allegations in Paragraph 62 are in conflict with that report, those allegations are denied.

63.     Defendants state that the July 31, 2013 FEC report speaks for itself.  To the extent that the allegations in Paragraph 63 are in conflict with that report, those allegations are denied.

64.     Defendants admit the allegation in Paragraph 64.

65.     Defendants state that the January 30, 2014 FEC report speaks for itself.  To the extent that the allegations in Paragraph 65 are in conflict with that report, those allegations are denied.

66.     Defendants state that the January 30, 2014 FEC report speaks for itself.  To the extent that the allegations in Paragraph 66 are in conflict with that report, those allegations are denied. Defendants deny all other allegations in Paragraph 66.

67.     Defendants state that the January 30, 2014 FEC report speaks for itself.  To the extent that the allegations in Paragraph 67 are in conflict with that report, those allegations are denied.

68.     Defendants state that the January 30, 2014 FEC report speaks for itself.  To the extent that the allegations in Paragraph 68 are in conflict with that report, those allegations are denied. Defendants deny all other allegations in Paragraph 68.

69.     Defendants deny that the Campaign was a "major component of" their fundraising in 2013.  Defendants state that the remainder of Paragraph 69 contains no factual allegations to which any response is required.

70.     Defendants deny that "a substantial proportion" of the total funds they raised for 2013 was "attributable to solicitations invoking the Cuccinelli campaign."  Defendants state that the January 30, 2014 FEC report speaks for itself and, to the extent that the allegations in Paragraph 70 are in conflict with that report, those allegations are denied.

71.     Defendants state that the January 30, 2014 FEC report speaks for itself and, to the extent that the allegations in Paragraph 71 are in conflict with that report, those allegations are denied.

72.     Defendants deny the allegations in Paragraph 72.

73.     Defendants deny the allegations in Paragraph 73.

74.     Defendants deny the allegations in Paragraph 74.

75.     Defendants deny the allegations in Paragraph 75.

76.     Defendants deny the allegations in Paragraph 76.

77.     Defendants admit the allegations in Paragraph 77.

78.     Defendants admit the allegations in Paragraph 78.

79.     Defendants admit the allegations in the first and second sentences of Paragraph 79. Defendants admit all allegations in the third sentence of Paragraph 79.

80.     Defendants admit the allegations in the first sentence of Paragraph 80.  Defendants deny the allegations in the second and third sentences of Paragraph 80.

## COUNT I

81.     Defendants repeat and restate paragraphs 1 through 80 of this Answer as if fully set forth herein.

82.     Defendants deny the allegations contained in Paragraph 82.

83.     Defendants deny the allegations contained in Paragraph 83.

84.     Defendants deny the allegations contained in Paragraph 84.

85.     Defendants deny the allegations contained in Paragraph 85.

86.     Defendants deny the allegations contained in Paragraph 86.

87.     Defendants deny the allegations contained in Paragraph 87.

88.     Defendants deny the allegations contained in Paragraph 88.

89.     Defendants deny the allegations contained in Paragraph 89.

90.     Defendants deny the allegations contained in Paragraph 90.

91.     Defendants deny the allegations contained in Paragraph 91.

92.     Defendants deny the allegations contained in Paragraph 92.

93.     Defendants deny the allegations contained in Paragraph 93.

## COUNT II

94.     Defendants repeat and restate paragraphs 1 through 93 of this Answer as if fully set forth herein.

95.     Defendants deny the allegations contained in Paragraph 95.

96.     Defendants deny the allegations contained in Paragraph 96.

97.     Defendants deny the allegations contained in Paragraph 97.

98.     Defendants deny the allegations contained in Paragraph 98.

99.     Defendants deny the allegations contained in Paragraph 99.

100.    Defendants deny the allegations contained in Paragraph 100.

101.    Defendants deny the allegations contained in Paragraph 101.

102.    Defendants deny the allegations contained in Paragraph 102.

103.    Defendants deny the allegations contained in Paragraph 103.

104.    Defendants deny the allegations contained in Paragraph 104.

105.    Defendants deny the allegations contained in Paragraph 105.

## COUNT III

106.    Defendants repeat and restate paragraphs 1 through 105 of this Answer as if fully set forth herein.

107.    Defendants deny the allegations contained in Paragraph 107.

108.    Defendants deny the allegations contained in Paragraph 108.

109.    Defendants deny the allegations contained in Paragraph 109.

110.    Defendants deny the allegations contained in Paragraph 110.

111.    Defendants deny the allegations contained in Paragraph 111.

112.    Defendants deny the allegations contained in Paragraph 112.

## COUNT IV

113.    Defendants repeat and restate paragraphs 1 through 112 of this Answer as if fully set forth herein.

114.    Defendants deny the allegations contained in Paragraph 114.

115.    Defendants deny the allegations contained in Paragraph 115.

116.    Defendants deny the allegations contained in Paragraph 116.

117.    Defendants deny the allegations contained in Paragraph 117.

118.    Defendants deny the allegations contained in Paragraph 118.

### Prayer for Relief

Defendants deny that Plaintiffs have claimed any injury that entitles them to relief under law.

## FOURTH DEFENSE

Plaintiffs lack standing to maintain this action to the extent they are seeking to enforce the rights of third parties.

## FIFTH DEFENSE

Plaintiffs' claims are barred by U.S. Code 15 U.S.C. § 1125(a).

## SIXTH DEFENSE

Defendants' actions are privileged under the First Amendment to the United States Constitution and the Constitution of the Commonwealth of Virginia.

## SEVENTH DEFENSE

Defendants' actions are protected political speech under *United States v. Edge Broad. Co.*, 509 U.S. 418 (1993), *City of Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410 (1993), and *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310 (2010).

## EIGHTH DEFENSE

Plaintiffs' claims fail for lack of consideration.

## NINTH DEFENSE

Plaintiffs' claims are barred by waiver and estoppel.

## RELIEF REQUESTED

Defendants request that this action be dismissed with prejudice, that Defendants be awarded all attorney fees and appropriately taxable costs, and that they be awarded such other relief as the Court may determine.

Date: October 20, 2014

Respectfully submitted,

*/s/ Katherine L. McKnight*
Frederick W. Chockley, III (VA Bar # 21982)
Katherine L. McKnight (VA Bar # 81482)

BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
*fchockley@bakerlaw.com*
*kmcknight@bakerlaw.com*
Phone: (202) 861-1500
Fax: (202) 861-1783

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 20th day of October, 2014 the foregoing Answer was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

By: */s/ Katherine L. McKnight*
Frederick W. Chockley, III (VA Bar # 21982)
Katherine L. McKnight (VA Bar # 81482)

BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
*fchockley@bakerlaw.com*
*kmcknight@bakerlaw.com*
Phone: (202) 861-1500
Fax: (202) 861-1783

*Counsel for Defendants*

13