**IN THE UNITED STATESDISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

KEN CUCCINELLI FOR GOVERNOR, INC., *et al.,*

     Plaintiffs,

v.                                      CIVIL ACTION NO.1:14-CV-1215-LO

CONSERVATIVE STRIKEFORCE PAC, *et al.,*

     Defendants.

**STIPULATION AND ORDER DISMISSING CASE WITH PREJUDICE
AND INCORPORATING SETTLEMENT AGREEMENT**

     The Parties, by their respective counsel, have stipulated that they have achieved a settlement of all issues related to this action and jointly request the Court to enter this Order of Settlement and Dismissal with Prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, with each Party bearing its own costs, attorney's fees and expenses.  The Settlement Agreement, which has been executed by the Parties, is attached hereto and incorporated by reference.

     The case is hereby dismissed with prejudice with each party to bear their own costs and attorney's fees and the Court shall retain jurisdiction to enforce the Settlement Agreement.

     IT IS SO ORDERED this ___ day of May, 2015.

                                   _____
                                    United States District Judge

We stipulate that the parties have achieved and executed a settlement agreement and ask

that this order be entered:


*/s/ Patrick M. McSweeney*
Patrick M. McSweeney (VSB No. 5669)
Robert J. Cynkar (VSB No. 23349)
Christopher I. Kachouroff (VSB No. 44216)
McSWEENEY, CYNKAR & KACHOUROFF, PLLC
13649 Office Place, Suite 101
Woodbridge, VA 22192
*patrick@mck-lawyers.com*
*rcynkar@mck-lawyers.com*
*chris@mck-lawyers.com*
Phone: (703) 621-3300
Fax: (703) 365-9593

*Counsel for Plaintiffs*


*/s/ Elizabeth A. Scully*
Frederick W. Chockley III (VSB No. 21982)
Elizabeth A. Scully (VSB No. 65920)
Katherine L. McKnight (VSB No. 81482)
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
*kmcknight@bakerlaw.com*
*escully@bakerlaw.com*
*fchockley@bakerlaw.com*
Phone: (202) 861-1500
Fax: (202) 861-1783

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of May 2015, the foregoing Stipulation And Order Dismissing Case With Prejudice And Incorporating Settlement Agreement was filed using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

*/s/ Patrick M. McSweeney*
Patrick M. McSweeney (VSB No. 5669)
Robert J. Cynkar (VSB No. 23349)
Christopher I. Kachouroff (VSB No. 44216)
McSWEENEY, CYNKAR & KACHOUROFF, PLLC
13649 Office Place, Suite 101
Woodbridge, VA 22192
*patrick@mck-lawyers.com*
*rcynkar@mck-lawyers.com*
*chris@mck-lawyers.com*
Phone: (703) 621-3300
Fax: (703) 365=9593

*Counsel for Plaintiffs*

# AGREEMENT

This Agreement, dated May 20, 2015 ("Agreement"), is made by and between Ken Cuccinelli for Governor, Inc., and Kenneth Cuccinelli, II, as plaintiffs ("Plaintiffs") in the case entitled *Ken Cuccinelli for Governor, Inc., et al., v. Conservative StrikeForce PAC, et al.*, 1:14-cv-1215-LO-MSN (E.D. Va.) (the "Matter"), on the one hand, and Conservative StrikeForce PAC ("CSF"), Strategic Campaign Group, Inc., Mackenzie & Company, Dennis Whitfield, Scott Mackenzie, Kelley Rogers, and Chip O'Neil, as defendants ("Defendants") in the Matter, on the other hand.  Plaintiffs and Defendants shall be referred to herein as the "Parties," and each a "Party."

# PREAMBLE

A. WHEREAS, on September 12, 2014, Plaintiffs filed a complaint (the "Complaint") in the Alexandria Division of the United States District Court for the Eastern District of Virginia (the "Court") against Defendants, alleging a false advertising claim under the Lanham Act, a false advertising claim under the Virginia False Advertising Statute, a breach of contract claim, and a claim for unauthorized use of name or picture.

B. WHEREAS, on October 20, 2014, Defendants filed an Answer, disputing the claims and denying liability to Plaintiffs.

C. WHEREAS, on April 24, 2015, Defendants filed a Motion for Summary Judgment.

D. WHEREAS, on April 27, 2015, the Parties participated in a Settlement Conference before the Court.

E. WHEREAS, the Parties have reached agreement on the terms more thoroughly detailed herein.

F. WHEREAS, the Parties desire to memorialize the terms of their settlement in this Agreement.

# TERMS OF AGREEMENT

1.      Payment to Plaintiffs.  Within 30 days of the date that this Agreement is fully executed ("Agreement Date"), provided that the Complaint has been dismissed with prejudice pursuant to the stipulation submitted under paragraph 2 below, Defendants shall pay or cause to be paid to Plaintiffs, the sum of Fifty Thousand Dollars ($50,000.00) ("Initial Settlement Payment"), and on the 15th day of every month of the seven (7) months following the month of the Agreement Date, the sum of Five Thousand Dollars ($5,000), for a total of Eighty-Five Thousand Dollars ($85,000) (the "Settlement Payment") in full and final settlement and satisfaction of all claims at issue in the Matter.

2.      Dismissal of the Matter.  The Parties agree to jointly move for entry of an agreed order of settlement and dismissal of the Complaint with prejudice, with each party bearing its own costs, attorneys' fees and expenses ("Dismissal Order").  The Settlement Agreement shall

be attached to and incorporated by reference in the Dismissal Order, which will expressly state that the Court will retain jurisdiction to enforce the Settlement Agreement.

     3.    <u>Exclusive Use of CSF Direct Mail and E-Mail Donor Lists</u>.  Within seven (7) days following entry of an order of dismissal in the Matter ("<u>Dismissal Date</u>"), Defendant CSF shall produce to Plaintiffs a digital copy of CSF's "donor lists" also referred to by Defendants as "donor house files" used for fundraising through direct mail ("<u>Direct Mail Donor List</u>") and e-mail ("<u>E-mail Donor List</u>").  The Direct Mail Donor List and E-mail Donor List will be provided to Plaintiffs for their exclusive use.  Plaintiffs may rent, use or sell the Direct Mail Donor List and E-mail Donor List provided that in marketing, renting or selling the Direct Mail and E-mail Donor Lists they describe them as Plaintiffs' lists assembled by CSF as of June 1, 2015.  Plaintiffs represent and warrant that they will not communicate to third parties that either Plaintiff is doing business or marketing as CSF.

     4.    <u>Non-Exclusive Use of CSF Telephone Donor Lists</u>.  Within seven (7) days of the Dismissal Date, Defendant CSF shall produce to Plaintiffs a digital copy of CSF's "donor lists" also referred to by Defendants as "donor house files" used for fundraising through telephone ("<u>Telephone Donor List</u>").  The Telephone Donor List will be provided to Plaintiffs for their non-exclusive use.  Defendants may continue to use the Telephone Donor List.  Plaintiffs may rent, use or sell the Telephone Donor List provided that in marketing, renting or selling the Telephone Donor List they describe it as Plaintiffs' list assembled by CSF as of June 1, 2015.  Plaintiffs represent and warrant that they will not communicate to third parties that either Plaintiff is doing business or marketing as CSF.  Defendants represent and warrant that no information has been transferred from the Direct Mail Donor List or E-mail Donor List to the Telephone Donor List in the last sixty (60) days, and that CSF's Direct Mail Donor List, E-Mail Donor List and Telephone Donor List collectively comprise 100% of its total lists of donors to CSF.  To the extent Plaintiffs identify any duplicate donor names on the Telephone Donor List and on the Direct Mail Donor List or E-mail Donor List, within six (6) months of this Agreement Plaintiffs may present those duplicate donor names to CSF, and Defendants agree, upon verification, to delete promptly those duplicate donor names from CSF's Telephone Donor List.

     5.    <u>Non-Exclusive Use of CMF Donor Lists</u>.  Within seven (7) days of the Dismissal Date, Defendant Strategic Campaign Group shall produce to Plaintiffs a digital copy of the "donor lists" also referred to by Defendants as "donor house files" of Conservative Majority Fund ("<u>CMF</u>") used for fundraising through telephone, direct mail, e-mail and otherwise ("<u>CMF Donor Lists</u>"), for Plaintiffs' non-exclusive use.  Plaintiffs may rent, use or sell the CMF Donor Lists provided that in marketing, renting or selling the CMF Donor Lists they describe them as Plaintiffs' lists assembled by CMF as of June 1, 2015.  Plaintiffs represent and warrant that they will not communicate to third parties that either Plaintiff is doing business or marketing as CMF.  CMF may continue to use the CMF Donor Lists after a copy is provided to Plaintiffs.  Defendants represent and warrant that in the last sixty (60) days, CSF has not transferred any information of any kind about CSF's donors to CMF.

     6.    <u>CSF and CMF Will Continue to Operate</u>.  The Parties agree that CSF and CMF will continue their political activities, including, but not limited to, fundraising, prospecting and sending out solicitations using rented lists, CSF's Telephone Donor List, CMF's Donor Lists and any house files developed for CSF or CMF's use after CSF produces to Plaintiffs CSF's Direct

Mail Donor List and E-Mail Donor List.

7.      Best Practices.  In connection with any future political messaging or solicitations in support of a candidate for public office, CSF and CMF will cease and desist use of such supported candidate's name and/or image upon receipt of a written request from the supported candidate.   CSF and CMF will include and maintain on their websites a contact address. Similarly, Strategic Campaign Group shall abide by this best practices provision for its other client PACs.

8.      Release by the Parties.  In consideration for the covenants and agreements in this Agreement and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, except with respect to the obligations, rights, and considerations arising under this Agreement, upon the Agreement Date, the Parties shall release, acquit, and forever discharge one another, including their current and former officers, directors, agents, employees, heirs, successors and/or assigns, from any and all past, present, or future claims or causes of action (including any suit, petition, demand, or other claim in law, equity, or arbitration) and from any and all allegations of liability or damages (including any allegation of duties, debts, reckonings, contracts, controversies, agreements, promises, damages, responsibilities, covenants, or accounts), of whatever kind, nature, or description, direct or indirect, in law, equity or arbitration, absolute or contingent, in tort, contract, statutory liability, or otherwise, based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty, or otherwise (including attorneys' fees, costs, or disbursements), known or unknown, existing as of the Agreement Date that are, have been or could have been asserted by the Parties based on or arising out of or in any way related to the facts at issue in this Matter, including but not limited to the Claims alleged in the Complaint.

9.      Further Assurances.   The Parties shall execute and deliver any document or instrument reasonably requested by any of them after the date of this Agreement to effectuate the intent of this Agreement.

10.     Entire Agreement.   This Agreement constitutes the entire agreement and understanding between and among the Parties and supersedes all prior agreements, representations, and understandings concerning the subject matter hereof.

11.     No Admission.  This Agreement and all negotiations, statements, and proceedings in connection therewith will not be deemed to be a presumption, concession, or admission by any Party of any fault, liability, or wrongdoing whatsoever.

12.     Amendments, Waiver.   This Agreement may not be terminated, amended, or modified in any way except in a writing signed by all of the Parties.  No waiver of any provision of this Agreement shall be deemed to constitute a waiver of any other provision hereof, whether or not similar, nor shall such waiver constitute a continuing waiver.

13.     Assignability.  Plaintiffs may assign their rights under this Agreement to one designated entity controlled by Plaintiff Kenneth Cuccinelli, II, but will notify Defendants of the name of this designated entity prior to assigning Plaintiffs rights to it.

14.     Successors Bound.  This Agreement shall be binding upon each of the Parties and

their successors and permitted assigns.

15.     Applicable Law.  This Agreement shall be construed and enforced in accordance with the laws of the Commonwealth of Virginia, without regard to its conflict of laws provisions.

16.     Exclusive Jurisdiction.  The Parties agree that the Court shall have exclusive jurisdiction over any and all disputes, whether in law or equity, arising out of or relating to this Agreement, or any provision thereof, and the Parties hereby consent to and submit to the jurisdiction of the Court for any such action.   The Parties agree that this Agreement as an Order of the Court may be enforced by the Court, and that the prevailing party shall be awarded its reasonable attorneys' fees, costs and expenses incurred in enforcing or defending against a claim for enforcement of this Agreement.

17.     Captions and Rules of Construction.  The captions in this Agreement are inserted only as a matter of convenience and for reference and do not define, limit, or describe the scope of this Agreement or the scope or content of any of its provisions.   Any reference in this Agreement to a paragraph is to a paragraph of this Agreement.   "Includes" and "including" are not limiting.

18.     Counterparts, Electronic Copy of Signatures.  This Agreement may be executed and delivered in any number of counterparts, each of which so executed and delivered shall be deemed to be an original and all of which shall constitute one and the same document.   The Parties may evidence their execution of this Agreement by delivery to the other Parties of scanned or faxed copies of their signatures with the same effect as the delivery of an original signature.

19.     Negotiated Agreement.  This Agreement has been fully negotiated by the Parties, who were advised by their respective counsel.   Each Party acknowledges and agrees that this Agreement has been drafted jointly, and the rule that ambiguities in an agreement or contract may be construed against the drafter shall not apply in the construction or interpretation of this Agreement.

20.     Severability.  In the event that any term or provision of this Agreement or any application thereof is deemed to be invalid or unenforceable, the remainder of this Agreement and any other application of such term or provision shall not be affected thereby.

21.     Notices.  Any notices under this Agreement shall be in writing, shall be effective when received and may be delivered only by hand, by overnight delivery service, or by electronic transmission to:

If to Plaintiffs:

Patrick McSweeney
McSweeney, Cynkar & Kachouroff, PLLC
13649 Office Place
Suite 101
Woodbridge, VA 22192
E-mail: *patrick@mck-lawyers.com*

If to Defendants:

Elizabeth A. Scully
Baker & Hostetler LLP
1050 Connecticut Avenue NW
Suite 1100
Washington, DC 20036
E-mail:  *escully@bakerlaw.com*

*[Signature pages follow]*

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the date first above written.

**KEN CUCCINELLI FOR
GOVERNOR, INC.**

By : _____

Name: *Ken Cuccinelli II*

Title: *Candidate*

Subscribed before me
this ___ day of May, 2015

_____

Notary Public

6

**KENNETH CUCCINELLI, II**

By: _____

Subscribed before me
this ___ day of May, 2015

_____
Notary Public

7

**CONSERVATIVE STRIKEFORCE**
**PAC**


By : _____
                Name:  Scott Mackenzie
                Title:   Treasurer



Subscribed before me
this ____ day of  May, 2015


_____

Notary Public

**STRATEGIC CAMPAIGN GROUP, INC.**

By : _____

      Name: Kelley Rogers
      Title:  President


Subscribed before me
this ___ day of  May, 2015


_____

Notary Public

**MACKENZIE & COMPANY**

By : _____

           Name:  Scott Mackenzie
           Title:   President


Subscribed before me
this ___ day of May, 2015


_____

Notary Public

10

**DENNIS WHITFIELD**

_____

Subscribed before me
this ___ day of  May, 2015

_____

Notary Public

**SCOTT MACKENZIE**

Subscribed before me
this ___ day of  May, 2015

_____
Notary Public

**KELLEY ROGERS**

_____

Subscribed before me
this ___ day of  May, 2015


_____
Notary Public

13

**CHIP O'NEIL**

C O'Neil

_____


Subscribed before me
this ____ day of  May, 2015


_____

Notary Public